BUCHANAN AND OTHERS, *vs.* TORRANCE, LORMAN AND OTHERS.—*December*, 1840.

To warrant a Court of Chancery in entering a judgment, obtained on a bond given for the whole purchase money of real property, sold and delivered to the complainant, satisfied, or perpetually enjoining the same, *it must vacate the sale* upon which the bond was given.

To vacate a sale of real property, the purchaser, or in case of his death, his heirs, ought regularly to be parties to the cause.

Where proceedings in another State, by an inhabitant of this, are complained of, and a party injured seeks to enjoin such proceedings, it is *his* duty to exhibit to them, to enable the court to act advisedly on the subject.

Where want of allegations in the pleadings, or exhibits, or parties, prevent this court from determining upon the merits of the complaint manifestly intended to be submitted, and in relation to which relief was expressly prayed, it is its duty under the act of 1832, to remand the cause for such further proceedings, as its nature may require.

APPEAL from the Court of Chancery.

On the 28th October 1836, *James A. Buchanan, Esther S.*

*Buchanan* and *Samuel Smith Buchanan,* filed their bill, alleging, that *Eliza S. Buchanan* purchased of a certain *George Torrance,* one undivided fifth part of the *Warren Factory,* lands, &c., for the sum of $60,000, and in order to secure the payment of such sum, executed and delivered to said *Torrance* a bond, with *James A. Buchanan, Esther S. Buchanan* and others as securities, and the said *Torrance,* at the same time gave the said *Eliza S. Buchanan,* a bond of conveyance for the said property; that said *Torrance* recovered a judgment on the said bond of *Eliza S. Buchanan,* which was assigned by said *Torrance,* to and for the use of *William Lorman, Alexander Lorman* and *William Fulford,* all of whom at the time of such assignment, well knew the consideration of such bond, and the origin thereof. The bill further alleged, that at the time when *Torrance* contracted to sell, &c., to said *Eliza S. Buchanan,* he had executed to said *Fulford,* a mortgage to secure him a large sum of money, which mortgage was afterwards assigned to *William* and *Alexander Lorman,* and a further mortgage executed by *Torrance* to *Lorman;* that the cotton mill of said Factory being burnt down, said *W.* and *A. Lorman* received the insurance money due said *Torrance;* that afterwards said *W.* and *A. Lorman,* filed their bill of complaint in *Baltimore* county court, against said *Torrance,* to procure a sale of said mortgaged premises, and such proceedings were had thereupon, that the whole of said premises were sold, and the whole right, title and interest of the said *William* and *Alexander Lorman,* and *George Torrance,* sold and conveyed to the purchaser thereof; that the whole consideration money for which said bond was given, has totally failed; that the said *Torrance* and *Lorman* have divested themselves entirely of every vestige of title to said property, which was the consideration of said bond; that *Torrance* and *Lormans* issued an execution on their judgment against *James A. Buchanan,* and compelled him to apply for relief under the insolvent laws, and that *S. S. Buchanan* is his trustee, and has bonded as such. The bill further alleged, that *Torrance, Lorman* and *Fulford,* have, for the purpose of further enforcing their judg-

ment, filed their bill in the Circuit Superior Court of Law and Chancery of the *State of Virginia,* for the twentieth circuit, and have obtained a decree therein for the sale of a quantity of land, asserted to be the property of the said *James A. Buchanan;* that it is the intention of the said *Lorman* and *Torrance,* to sell said property under and by virtue of the aforesaid decree, to the great prejudice of these complainants, and against the rules and principles of equity. Prayer for an injunction— that the judgments at law be entered satisfied, and for general relief. And *Subpœna* against *Lormans* and *Torrance.*

With this bill was exhibited as a part thereof, No. 1. The bond of *Elizabeth S. Buchanan, J. A. Buchanan, W. B. Buchanan, Esther S. Buchanan* and *R. S. Buchanan,* to *George Torrance,* dated 16th April 1829, in the penalty of $120,000, conditioned to pay on or before the 16th April day of 1839, $60,000, and legal interest thereon, in the mean time, quarter yearly on, &c.

Exhibit No. 2, was a transcript of the record of the judgment on the above bond, *George Torrance,* use of *William Fulford, William Lorman* and *Alexander Lorman,* against *J. A. Buchanan, William B. Buchanan, Esther S. Buchanan* and *Robert S. Buchanan,* surviving obligees of *Eliza S. Buchanan,* rendered on the 12th December 1832, with a *ca. sa.* returned *cepi*—*J. A. B., W. B.* and *R. S. B.,* released by the insolvent laws, *non sunt* the others.

Exhibit No. 3, was a mortgage from *George Torrance* to *William Fulford,* of 13th August 1830, of his undivided onefifth of the *Warren Factory.* Subject to the operation of his bond of conveyance to *E. S. Buchanan.*

Exhibit No. 4, was the assignment by *William Fulford,* of his mortgage to *William* and *Alexander Lorman,* dated 7th May 1834.

Exhibit No. 5, was a mortgage from *George Torrance* to *William* and *Alexander Lorman,* of 30th November 1831.

Exhibit No. 6, was a transcript of the proceedings in equity of *William* and *Alexander Lorman,* against *George Torrance,* to forclose a mortgage of 21st August 1829, to *William Ful-*

*ford,* assigned to complainants, and the other mortgages under which the *Warren Factory* was sold and transferred.

Exhibit No. 7, was the deed from the trustee under the decree of the Factory, and No. 8, the proceedings of *James A. Buchanan,* before the Commissioners of Insolvent Debtors.

The answer of *William Lorman, Alexander Lorman* and *George Torrance,* admitting the facts of the bill, and that they claimed under mortgages of 21st August 1829, 13th August 1830, and 30th November 1831; and that they were proceeding in *Virginia* as stated, to recover the balance due on the judgment of 12th of December 1832.

A commission was issued by the complainants, but no proof was taken under it.

At December term 1837, the bill was dismissed by the Chancellor (BLAND,) and the complainants appealed.

The cause was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By RICHARDSON and R. JOHNSON for the appellants, and By DAVID STEWART for the appellees.

DORSEY, J., delivered the opinion of the court.

The case now before the court, is emphatically one which it was designed to embrace under the 6th section of the act of 1832, chap. 302. Neither the reversal, or affirmance of the Chancellor's decree, will determine the merits of the cause; and the purposes of justice will be advanced by remanding the case to the Court of Chancery, and giving the parties an opportunity of amending the bill, answers, and other proceedings in the cause, making new parties thereto, filing the proper exhibits, and taking such testimony as the nature of the case may require. The complainants have filed their bill, praying amongst other things, that a judgment obtained against them as securities of *Eliza S. Buchanan,* on a bond given to *George Torrance,* for the purchase money of one-fifth part of the *Warren Factory,* &c., sold by the latter to the former,

might be entered satisfied, on the ground, that the said one-fifth having been sold and conveyed under incumbrances created by *Torrance*, the entire consideration for the said bond and judgment had failed.    To warrant the Court of Chancery in entering the judgment satisfied, or perpetually enjoining the same, it must vacate the sale made by *Torrance* to *Eliza S. Buchanan*.    In the case now before the court, this could not have been done, as neither *Eliza S. Buchanan*, nor her heirs, if she were dead, were made parties by the bill, either, as complainants or defendants.    Over the rights therefore, by her acquired under the purchase, the Chancellor had no power to adjudicate; and consequently could not grant the relief sought, either as to the entry of satisfaction of the judgment, or perpetually enjoining it.    Nor could the Chancery Court decree upon the merits of the application, as respects the proceedings in the court of *Virginia*, against the lands of *James A. Buchanan*, as the complainants exhibit, in relation thereto, had never been filed; which exhibit was necessary to furnish the court with the dates and character of those proceedings, without the knowledge of which, it was impossible for the court to act advisedly on the subject.    The complainant's exhibit of the first mortgage from *Torrance* to *William Fulford*, has never been filed.

For the reasons and purposes assigned, this court will sign an order remanding this case to the Court of Chancery.

CAUSE REMANDED.